WILLIAM MARTIN *v*. STATE OF MISSISSIPPI.

[42 South. Rep., 601.]

CRIMINAL LAW. *Malicious trespass. Variance.*

> There is a fatal variance between a charge that the defendant tore down a dwelling house situated in block eight and proof that the house was situated in block nine.

FROM the circuit court of Harrison county.

HON. WILLIAM H. HARDY, Judge.

Martin, the appellant, having been convicted in a justice of the peace's court on a charge of malicious trespass, appealed to the circuit court, and from a conviction and sentence in the circuit court, appealed to the supreme court.

The affidavit upon which appellant was tried and convicted charged him with having unlawfully and maliciously injured and destroyed the property of one Johnson, by tearing down a certain dwelling house "situated on lots 5, 6, 7, and 8, block 8, in Sunflower addition to the city of Gulfport."

The testimony offered by the state showed that appellant tore down a house erected by Johnson upon a lot in block 9 of said addition, which lot appellant had some few months before sold to Johnson upon a credit, reserving a vendor's lien. Instead

of amending the affidavit to conform to such proof, the state, over appellant's objection, offered testimony to show that appellant, after selling to Johnson the land described in the affidavit, pointed out to him the lot in block 9 as being the property conveyed; that Johnson, in good faith, erected his dwelling house thereon; and that appellant, who was the owner of the latter lot, silently acquiesced in the erection thereon of the dwelling-house. The court instructed the jury that if they should find from the evidence beyond a reasonable doubt that appellant showed Johnson the lot in block 9 as the lot conveyed in the deed, and as a result Johnson in good faith built upon it with appellant's acquiescence, and that subsequently appellant maliciously destroyed the house, they should return a verdict of guilty.

*J. H. Mize,* for appellant.

The affidavit against appellant recited that the trespass was upon property in block 8. The testimony showed that the property was situated upon block 9. There was no evidence whatever in regard to block 8. Certainly this was such variance between allegation and proof as to demand that the court reverse the case.

The two instructions granted to the state, the only instructions requested by the district attorney, were erroneous under the circumstances. The affidavit distinctly charged the trespass to have been committed upon property in a block entirely distinct from the land sold by appellant to Johnson, the affiant. It recites a trespass upon a dwelling house "situated on lots 5; 6, 7, and 8, block 8." And no proof should have been admitted except such as would correspond with the charge. The two instructions allowed the jury to depart from a consideration of the vital question in issue, and to consider proof that appellant tore down a house situated upon another lot and in another block. It was only by following the suggestion of the two er-

roneous instructions that the jury could have arrived at the verdict in favor of the state.

*R. V. Fletcher*, assistant attorney-general, for appellee.

It must be conceded that there was a variance between the affidavit and the proof. The affidavit charged the demolished house to have been situated upon certain lots in one block, while the evidence showed that the house was really upon another lot in another block. The house was, however, built upon the lot which appellant had pointed out to Johnson as being the land covered by the deed. Under these circumstances the house would certainly be held to be the property of Johnson, regardless of its exact location. The variance was accordingly upon an immaterial point and one not absolutely vital to the real issue. A vendor of land should not be allowed to escape the penalty of the law when he misrepresents the location of property sold, and subsequently claims the property and destroys the same. As this was a prosecution originating in the court of a justice of the peace, where proceedings are informal and liberality is allowed, and as substantial justice seems to have been done, the court should affirm the judgment.

MAYES, J. delivered the opinion of the court.

There is a fatal variance between the proof and the crime as charged. The affidavit charges Martin with tearing down a certain dwelling house situated on lots 5, 6, 7, and 8, block 8, Sunflower addition to the city of Gulfport. The proof shows that the house was situated in block 9. The crime must be proved as alleged, and, if a description is given locating the house on a certain lot in a certain block, the proof must correspond with the affidavit. The affidavit was amendable, but there was no request to be permitted to amend. In this view of the law, the court erred in giving the two instructions asked for the state. Had the affidavit not described the house as being on certain lots by number, these instructions would have been

correct, under the proof, but, since the affidavit does place the house on certain designated lots, by number, in a certain block, also giving the number, the proof must correspond, and the crime charged is not made out by proof that appellant tore down a house of affiant, situated on some other lot, in another block.

*Reversed and remanded.*